**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: _____**

| | |
|---|---|
| Shawn P. Whalen,<br><br>                    Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, L.L.C.<br><br>                    Defendant. | <u>**COMPLAINT**</u><br><br><u>**WITH JURY TRIAL DEMANDED**</u> |

## INTRODUCTION

1.   This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## JURISDICTION

2.   Jurisdiction of this Court arises under 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1692k(d) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## PARTIES

3.   Plaintiff Shawn P. Whalen (hereinafter "Plaintiff") is a natural person who resides in the City of Columbia Heights, County of Anoka, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.   Defendant Portfolio Recovery Associates, L.L.C. (hereinafter "Defendant") is a collection agency operating from an address of 120 Corporate Boulevard, P.O. Box

12914, Norfolk, VA 23541, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5.   Sometime prior to January, 2008, Plaintiff allegedly incurred a "consumer debt" as that term is defined by 15 U.S.C. § 1692a(5), with Sears National Bank for personal or family use.

6.   Sometime after January 1, 2008, Sears National Bank account was transferred or assigned to Defendant.

7.   On or about January 29, 2008, Plaintiff received a letter from Defendant seeking payment on the alleged debt.

8.   Plaintiff suffers from many health problems which caused him to lose his job.  He now lives with his mother who supports him.   Plaintiff repeatedly explained to Defendant's agents about his health issues and his lack of employment in the twelve (12) phone calls set forth below.

9.   Defendant's agents called Plaintiff at his mother's home twelve times between September 23, 2008 and October 10, 2008, despite being told many times not to do so prior to September 23, 2008.

10.   On September 23, 2008, Plaintiff explained to Defendant's agent that he was in poor health, had no job and could not pay the alleged debt.  Defendant's agent stated that Defendant would put the account on the "unresolved" list and would not call again.

11.   On September 24, 2008, Defendant's agent called Plaintiff again at his mother's house.  Plaintiff explained that another collector had already called him the night before and again explained that he could not make any payments due to his health issues and employment situation.  Defendant's agent told Plaintiff that he would have to pay as the debt would not go away.

12.   Defendant's agent became mad at Plaintiff as he attempted to explain that he did not have a job, was applying for social security benefits, and did not know when he would receive any money.  Defendant's agent yelled at Plaintiff and told him that he would still have to pay and that the debt needed to be resolved.

13.   Defendant's agent called Plaintiff again on September 25, 2008.   Plaintiff explained that it was the third time Defendant had called him at his mother's home regarding a debt he could not pay.  Defendant's agent stated that it would keep calling until the debt was resolved.  Plaintiff repeatedly attempted to explain his health and job situation, and told Defendant's agent to stop contacting him or he would contact an attorney.  Defendant's agent laughed at Plaintiff and told him to "go ahead and try."

14.   On September 26, 2008, Defendant's agent, Judy, called Plaintiff and asked why he could not pay the Sears account.   Plaintiff again explained that he had numerous health issues, had lost his job, was in the process of applying for social security, and was therefore unable to pay on the account.  Plaintiff also explained that his mother was taking care of him, paying for his necessities, and trying to

pay his bills in addition to rent.  Defendant's agent told Plaintiff that she would put the debt on the "unresolved" list and that Defendant would not contact him again.

15.     On October 3, 2008, Plaintiff saw on the caller I.D. that Defendant was calling. Plaintiff did not answer the telephone.

16.     Plaintiff then drafted and sent a certified letter to Defendant on October 3, 2008, instructing Defendant to cease contacting him.  (*See* attached Exhibit 1).

17.     On October 6, 2008, Plaintiff spoke to Defendant's agent, Ms. Wright.  Ms. Wright asked Plaintiff how he wanted to resolve the debt.  Plaintiff once again explained that he was not working due to his health and therefore had no money to make any payments.

18.     Defendant's agent wanted to know why Plaintiff was not working and how he was paying for other bills.  Plaintiff explained that he was not making payments on any of his bills at the time and that as he was working on getting social security benefits due to his health problems.

19.     Defendant's agent stated "you have another debt called Plains Commerce Bank debt that needs to be paid also."  Plaintiff told Defendant's agent that he had sent Defendant a certified letter instructing them not to call anymore and to send all correspondence in the mail.  Defendant's agent told Plaintiff that she had not received any such letter.  Plaintiff again told Defendant to stop contacting him. Defendant's agent then screamed at Plaintiff that "we can call you anytime day or night and we will continue to call you until you resolve your debt."

20.   On October 7, 2008, Defendant called Plaintiff again from the number 1-877-803-0008.  Plaintiff did not answer the telephone.

21.   On October 8, 2008, Plaintiff spoke to Defendant's agent, Mr. Jenkins, who told Plaintiff to pay the debt or Defendant would continue to call.  Plaintiff explained again that he could not pay and also stated that he had sent Defendant a letter requesting it to cease contacting him.

22.   On October 9, 2008, Defendant's agent, Ms. Watson, called and asked Plaintiff if he was working yet and wanted to know if Plaintiff could pay the alleged debt. Plaintiff explained again that he was unable to pay.

23.   Defendant's agent stated that Defendant could do whatever it took to collect the money and would continue to call.  Plaintiff told Defendant's agent that he had written a letter requesting it to cease contacting him. Defendant's agent stated that they had not received a letter and therefore Defendant would continue to call.

24.   Plaintiff told Defendant's agent that the repeated telephone calls were harassment and they needed to stop. Defendant's agent said Defendant had the right to continue to call because it was not "illegal" to call to attempt to get the debt resolved.

25.   Defendant attempted to contact Plaintiff again on October 10, 2008.  Plaintiff did not answer the telephone.

26.   Later on October 10, 2008, Defendant's agent, Ms. Wright, called and spoke with Plaintiff's mother.  Plaintiff's mother told Ms. Wright to stop calling her telephone

number and that if they received anymore telephone calls from Defendant that Plaintiff would contact an attorney.

27.     On October 10, 2008, Plaintiff received a USPS Certified signature back signed by a representative of Defendant dated October 7, 2008, showing that Defendant had received his cease and desist letter dated October 3, 2008. (*See* attached Exhibit 2).

## TRIAL BY JURY

28.     Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –

## 15 U.S.C. § 1692 et seq.

29.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.     The foregoing acts and omissions of Defendant constitute multiple violations of the FDCPA, including but not limited to the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

31.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant for Plaintiff.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

32.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.   Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

34.   Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt.

35.   Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and or private concerns or affairs.

36.   The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.


## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;
- actual damages from Defendant for the emotional distress suffered as a result of the FDCPA violations and invasion of privacy in an amount to be determined at trial; and
- for such other and further relief as may be just and proper.

7

Dated this <u>13th</u> day of March, 2009.       Respectfully submitted,


By: <u>s/Thomas J. Lyons Jr.</u>
**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #0249646
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tommycjc@aol.com

**LYONS LAW FIRM P.A.**
Thomas J. Lyons, Esq.
Attorney I.D. #:  65699
367 Commerce Court
Vadnais Heights, MN  55127
Telephone:  (651) 770-9707
Facsimile:  (651) 770-5830
tlyons@lyonslawfirm.com

ATTORNEYS FOR PLAINTIFF

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF</u>

STATE OF MINNESOTA       )
                                     ) ss
COUNTY OF HENNEPIN       )

SHAWN P. WHALEN, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendants, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


                                                   s/Shawn P. Whalen
                                                   Shawn P. Whalen

Subscribed and sworn to before me
this <u>13</u><sup>th</sup> day of January, 2009.


s/Barbara J. Hagenson
Notary Public